Eric H. Gibbs (SBN 178658)
ehg@classlawgroup.com
David Stein (SBN 257465)
ds@classlawgroup.com
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone:  (510) 350-9700
Facsimile:   (510) 350-9701

Kim D. Stephens (*pro hac vice*)
kstephens@tousley.com
Jason T. Dennett (*pro hac vice*)
jdennett@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1700 7th Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992

*Proposed Class Counsel*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY GLENN, *et al.*,<br><br>                    Plaintiffs,<br>          v.<br><br>HYUNDAI MOTOR AMERICA, *et al.*,<br><br>                    Defendants. | Case No. 8:15-cv-02052-DOC-KES<br><br>**DECLARATION OF DAVID STEIN IN SUPPORT OF MOTION TO DIRECT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>Date: February 25, 2019<br>Time: 8:30 a.m.<br>Judge: The Hon. David O. Carter<br>Courtroom: 9D |

STEIN DECL. ISO MOTION TO DIRECT SETTLEMENT NOTICE
CASE NO. 8:15-CV-02052-DOC-KES

I, David Stein, declare as follows:

1. I am a partner at the law firm of Gibbs Law Group LLP, one of the several law firms that has represented the Plaintiffs in this action over the past three years. I make this declaration based on my personal knowledge and review of my firm's case file, and if called upon to do so, could and would testify competently thereto.

2. Gibbs Law Group is a national litigation firm dedicated to representing plaintiffs in class and collective actions in state and federal courts. The firm serves clients in consumer protection, securities, antitrust, whistleblower, personal injury, and employment cases. Our attorneys regularly prosecute multi-state consumer class actions and have some of the best track records in the country when it comes to successfully certifying consumer classes, developing practical damages methodologies, obtaining prompt relief for consumers victimized by unfair or deceptive practices, and working cooperatively with other firms and defense counsel. A true and correct copy of the Gibbs Law Group firm resume is attached as **Exhibit 2**. The firm's lawyers (including myself and Eric Gibbs, my partner who has also helped prosecute this case) have particularly extensive experience in handling automotive class actions. We have prosecuted and resolved at least 20 consumer class actions against the world's top automotive companies, including several against Hyundai. We have brought that experience to bear over the course of this litigation and in the context of negotiating and finalizing the pending settlement.

3. This proposed class action began in December 2015. My firm and our co-counsel initiated suit after receiving and researching driver complaints that certain Hyundai models' panoramic sunroof was prone to shattering without warning, both when the vehicles are parked and when being driven.

4. Plaintiffs' counsel have vigorously prosecuted this litigation since its inception, with Hyundai consistently denying the core allegations of the suit and contesting our legal theories. Plaintiffs' counsel opposed two Hyundai motions to

dismiss and engaged in protracted discovery efforts, reviewing over 100,000 pages of documents from Hyundai, obtaining and reviewing documents from six third parties through subpoenas, conducting inspections of failed panoramic sunroofs collected by Hyundai, and serving sets of interrogatories and requests for admission on Hyundai (to which Hyundai responded). Hyundai served over 20 discovery requests on each of the named Plaintiffs; Plaintiffs' counsel assisted in the collection, review, and production of responsive documents and in serving formal discovery responses. Plaintiffs' counsel also defended the deposition of each Plaintiff. All told, the parties took 23 depositions in the case, including depositions in Korea, Georgia, Alabama, Michigan, and throughout California. The parties engaged in dozens of meet-and-confer discussions (both by phone and through correspondence). Through those efforts the parties minimized their disputes, but still presented five discovery disputes to Judge Scott for resolution.

5. In June 2017, Plaintiffs' counsel prepared and filed the motion for class certification, which was supported by over 150 exhibits and declarations from four retained experts (two liability experts and two damages experts). Hyundai opposed the motion and submitted reports from six of its own experts. Hyundai also filed two ex parte motions, a motion alleging spoliation of evidence, and four Daubert motions seeking to exclude all of Plaintiffs' expert reports. Plaintiffs' counsel opposed all of those motions and filed a reply in support of class certification. The Court held a multi-hour hearing on class certification on November 6, 2017.

6. Toward the middle of 2018, after the class certification hearing but before the Court issued a certification opinion, the parties began discussing whether a compromise resolution of the litigation might be feasible, and they ultimately agreed to conduct a mediation. The parties engaged in a full-day mediation in July 2018 with the assistance of retired United State Magistrate Judge Jay C. Gandhi. The parties were able to reach an agreement in principle on all of the material terms of the relief to be provided to the class.

7. The parties never discussed attorney's fees until after the parties had already agreed to the material terms of the class's relief. Instead, the parties agreed that while they would later try to resolve the fee issue, even if unsuccessful they would present this settlement to the Court and then litigate a contested fee motion—something Class Counsel and Hyundai have done before. With the further assistance of Judge Gandhi, however, the parties resolved the fee issue: In August 2018, the parties participated in a second full-day mediation with Judge Gandhi. Although the parties were not able to resolve the fee issue that day, they continued negotiations with Judge Gandhi's assistance and ultimately reached agreement through which Plaintiffs may seek up to $5,400,000 for their combined attorney's fees, litigation costs, and for class representative service awards. In light of the effort undertaken to litigate this case, and since Plaintiffs' counsel have already advanced over $750,000 to prosecute this litigation (including for expert fees and to travel to Korea and elsewhere), any attorney's fee award pursuant to this agreement will be less than the lodestar that Plaintiffs' counsel generated in achieving this result for the class.

8. With respect to the class representative service awards, I note that the class representatives here have diligently represented the class: they actively participated in the case over multiple years; produced documents and discovery responses; and sat for deposition. Throughout, they have remained in contact with Plaintiffs' counsel, stayed apprised of the litigation, and have made decisions with the interests of the class in mind.

9. The parties have since prepared the formal settlement agreement now before the Court, which I attach as **Exhibit 1**. (This is the only extant agreement between the parties relating to the resolution of this litigation.) To finalize the settlement agreement, counsel for the parties engaged in cooperative efforts for much of 2018, including to finalize the settlement agreement exhibits and the pending motion to direct settlement notice to the class.

10. Based on my experience litigating automotive defect and other consumer protection class actions and based on my familiarity with the strengths and weaknesses of Plaintiffs' case, I believe the settlement to be a fair, reasonable, and adequate and worthy of approval. Among other things, the settlement is on par with, if not superior to, settlements in comparable automotive defect class action settlements (including those negotiated by myself and my firm).

11. Had the parties been unable to resolve this case through settlement, litigation would have likely been protracted and costly. Our firm has litigated automotive defect cases that have taken many years to resolve, including one case that required over 58,000 attorney hours over five years before it resolved for cash reimbursements through a claims-made process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 30th, 2019 in Oakland, California.

/s/ *David Stein*