1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY GLENN, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>HYUNDAI MOTOR AMERICA, *et al.*,<br><br>        Defendants. | Case No. 8:15-cv-02052-DOC-KES<br><br>**ORDER GRANTING MOTION TO DIRECT NOTICE OF PROPOSED CLASS ACTION SETTLEMENT [263]** |

The parties to this litigation have entered into a Settlement Agreement, which if approved, would resolve this putative class action. Plaintiffs Billy Glenn, Kathy Warburton, Kim Fama, Corinne Kane, Roxana Fitzmaurice, and Jahan Mulla have filed a motion to direct notice of the proposed class action settlement, which Defendants Hyundai Motor America and Hyundai Motor Company support. The Court has read and considered the Settlement Agreement and all exhibits thereto, including the proposed claim form, notices, and informational brochure, and concludes that it is appropriate to direct notice in a reasonable manner to all Class members who would be bound by the proposal, since the parties' showing establishes that the Court will likely be able to (i) approve the proposal under Rule 23(e)(2), and (ii) certify the class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

The Court now GRANTS the pending motion and makes the following findings and orders:

1.    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

### LIKELY APPROVAL OF THE PROPOSED SETTLEMENT

2.    The Court has reviewed the terms of the Settlement Agreement, the exhibits thereto, Plaintiffs' motion papers, the declarations of counsel, and all argument made.

3.    The Settlement Agreement is the product of over three years of litigation, including two rounds of motions to dismiss briefing, several discovery motions, Plaintiffs' motion to certify a litigation class, four *Daubert* motions, a spoliation motion, and extensive discovery.

4.    Based on its review, the Court finds that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2). *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who adequately

represented the class; (b) was negotiated at arm's length with the assistance of former United States Magistrate Judge Jay C. Gandhi; (c) provides relief for the class that is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class, including the method of processing class-member claims; and (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (d) treats Class Members equitably relative to each other.

### LIKELY CERTIFICATION OF CLASS

5.     The Court further finds that the Court will likely be able to certify the Class for purposes of judgment on the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). The Court preliminarily certifies the following Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons and entities who bought or leased a Class Vehicle in the United States, excluding its territories, as of the date of Preliminary Approval, and all persons who bought or leased a Class Vehicle while on active military duty in the Armed Forces of the United States as of the date of Preliminary Approval.[1]

6.     The Court finds that this action is likely to be certified as a class action, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court preliminarily finds for settlement purposes that: (a) the Class certified herein numbers at least in the hundreds of thousands of persons, and joinder of all such persons would be impracticable, (b) there are questions of law and fact that are common to the Class, and those questions of law and fact common to the Class predominate over any questions affecting any individual Class Member; (c) the

---

[1] Excluded from the Class are Defendants; any affiliate, parent, or subsidiary of HMA or HMC; any entity in which HMA or HMC has a controlling interest; any officer, director, or employee of HMA or HMC; any successor or assign of HMA or HMC; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; and anyone who purchased a Class Vehicle solely for the purpose of resale (*e.g.*, new or used car dealerships).

2

claims of the Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Class is superior to other available means of adjudicating this dispute; and (e) Plaintiffs and Class Counsel are adequate representatives of the Class. Defendants retain all rights to assert that the action may not be certified as a class action, other than for settlement purposes. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

7.     Pursuant to Rule 23(g), the Court appoints Eric H. Gibbs and David Stein of Gibbs Law Group LLP and Kim D. Stephens and Jason T. Dennett of Tousley Brain Stephens PLLC to serve as Class Counsel for the Class.

## NOTICE AND ADMINISTRATION

8.     The Court directs Defendants to fulfill their notice duties and responsibilities specified in this Order and the Settlement Agreement.

9.     IHS Markit / State Agency Class Information: IHS Markit is authorized to obtain vehicle registration information concerning owners or lessees of class vehicles from the appropriate state agencies for the sole purpose of mailing the notice, and the relevant state agencies shall make the appropriate vehicle registrations available to IHS Markit for this purpose only.

10.     The Court finds that the provisions for Notice to the Class set forth in the Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Notice is reasonably calculated to apprise Class Members of the nature of this litigation; the scope of the Class, the Class claims, issues, or defenses; the terms of the Settlement Agreement; the right of Class Members to appear, object to the Settlement Agreement, and exclude themselves

3

ORDER GRANTING SETTLEMENT NOTICE TO CLASS
CASE NO. 8:15-CV-02052-DOC-KES

from the Settlement Class and the process for doing so; of the Final Approval Hearing; and of the binding effect of a class judgment on the Class. The Court therefore approves the proposed methods of providing Notice, and the Claim Form, and directs HMA to proceed with providing Notice to Class Members, at its sole cost, pursuant to the terms of the Settlement Agreement and this Order.

11.   No later than April 26, 2019 (the "Notice Date"), HMA shall substantially complete its notice obligations consistent with the specifications of the Settlement Agreement, including by disseminating notice to all reasonably identifiable Class members by U.S. Mail, email, and through publication of the dedicated settlement website (with a link to the dedicated settlement website from www.hyundaiusa.com/myhyundai).

12.   No later than ten days before the hearing on final approval of this settlement, Defendants shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the Settlement Agreement, including its exhibits.

<u>OBJECTIONS AND EXCLUSIONS</u>

13.   Class Members who wish to opt-out and exclude themselves from the Class may do so by submitting such request in writing consistent with the specification listed in the Class notice no later than June 25, 2019.

14.   To be valid, each request for exclusion must:

   a.   State the Class member's full name and current address,

   b.   Provide the model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and

   c.   Specifically and clearly state his/her/its desire to be excluded from the settlement and from the Class.

4

ORDER GRANTING SETTLEMENT NOTICE TO CLASS
CASE NO. 8:15-CV-02052-DOC-KES

15.     Defendants shall report the names of all Class members who have submitted a request for exclusion to Class Counsel on a weekly basis, beginning 30 days after the Notice Date.

16.     All Class members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

17.     Any Class member who wishes to object to the Settlement must, no later than June 25, 2019, submit a written notice of objection to the addresses listed in the Class notice.

18.     The written objection must contain the following:

     a.     The Class member's full name, current address, and current telephone number;

     b.     The model year and VIN of his/her/its Class Vehicle(s);

     c.     A statement of the objection(s), including all factual and legal grounds for the position;

     d.     Whether it applies only to the objector, to a specific subset of the Class, or to the entire Class;

     e.     Copies of any documents the objector wishes to submit in support;

     f.     A signature and date on the objection; and

     g.     A list of any other objections submitted by the objector, or by any counsel assisting the objector, to any class action settlements submitted in any court in the United States in the previous five years (or, if the Class member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection).

19.     Lawyers asserting objections on behalf of Class members must: (a) file a notice of appearance with the Court within 120 days of the entry of this Order; (b)

file a sworn declaration attesting to his or her representation of each Class Member on whose behalf the objection is being filed or file (in camera) a copy of the contract between that lawyer and each such Class Member; and (c) comply with the procedures described in the Settlement Agreement.

20.    If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection.  Any Class member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the settlement and will be barred from speaking or otherwise presenting any views at the final approval hearing.

21.    The filing of an objection allows Class Counsel or counsel for HMA to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

22.    These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class member's objection to the settlement, in accordance with the due process rights of all Class members.

## PRELIMINARY INJUNCTION

23.     All Class Members and/or their representatives, who do not timely and properly exclude themselves from the Class are, pending the Court's ruling on the motion for final approval of the settlement, preliminarily barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Releasees (as that term is defined in the Settlement Agreement) in any court or tribunal asserting any of the claims released by Releasors (as that term is defined in the Settlement Agreement) under the terms of the Settlement Agreement, and/or from receiving benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on those released claims. In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of their related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, based on the claims released by Releasors under the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court find that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

## FINAL APPROVAL HEARING AND SCHEDULE

24.     The Court will hold a hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives at **8:30 a.m. on August 12, 2019**, in Courtroom 9D of the United States District Court for the Central District of California, 411 West Fourth

7

---

ORDER GRANTING SETTLEMENT NOTICE TO CLASS
CASE NO. 8:15-CV-02052-DOC-KES

Street, Santa Ana, California 92701-4516.  At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Class, and judgment entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives ("Fee Application") should be granted.

25.    Plaintiffs shall move for final settlement approval and approval of attorney's fees, litigation expense reimbursements, and class representative service awards no later than May 28, 2019.  To the extent Plaintiffs file an omnibus motion seeking both final approval and attorney's fees, they shall have leave to exceed the page limit set by local rule but their motion shall not exceed 50 pages in length.  No later than July 25, 2019, Plaintiffs may file reply papers, if any.

26.    The Court reserves the right to adjust the date of the final approval hearing and related deadlines. In that event, the revised hearing date or deadlines shall be posted on the settlement website referred to in the Class notice, and the parties shall not be required to re-send or republish notice to the Class.

IT IS SO ORDERED.


Dated:  February 25, 2019

*David O. Carter*

HON. DAVID O. CARTER
U.S. DISTRICT COURT JUDGE

ORDER GRANTING SETTLEMENT NOTICE TO CLASS
CASE NO. 8:15-CV-02052-DOC-KES