# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BILLY GLENN, *et al.*, | Case No. 8:15-cv-02052-DOC-KES |
|---|---|
| Plaintiffs, | **FINAL ORDER AND JUDGMENT [272]** |
| v. | |
| HYUNDAI MOTOR AMERICA, *et al.*, | |
| Defendants. | |

Plaintiffs' Motion for Final Settlement Approval and Award of Attorney's Fees, Litigation Costs, and Service Awards came before the Court for hearing on August 12, 2019, pursuant to the Court's Order Granting Motion to Direct Notice of Proposed Class Action Settlement dated February 25, 2019 ("Order Directing Settlement Notice") (Dkt. No. 267). Having considered the parties' Settlement Agreement, and all papers filed and proceedings had herein,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has subject matter jurisdiction over this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the parties' Settlement Agreement.

3. The Court finds, following a rigorous analysis and for purposes of settlement only, that the following settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23:

> *All persons and entities who bought or leased a Class Vehicle in the United States, excluding its territories, as of the date of Preliminary Approval (February 25, 2019), and all persons who bought or leased a Class Vehicle while on active military duty in the Armed Forces of the United States as of the date of Preliminary Approval.[1]*

(a) Hyundai sold and leased hundreds of thousands of new Class Vehicles. Some of those vehicles have been resold in the years since the vehicles were originally sold and leased. Thus the total number of Class members exceeds

---

[1] Excluded from the Class are Defendants; any affiliate, parent, or subsidiary of HMA or HMC; any entity in which HMA or HMC has a controlling interest; any officer, director, or employee of HMA or HMC; any successor or assign of HMA or HMC; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; and anyone who purchased a Class Vehicle solely for the purpose of resale (*e.g.*, new or used car dealerships).

the total number of Class Vehicles originally sold. As a result, joinder of all Class Members would be impracticable.

(b) There are questions common to the Class, and those questions common to the Class predominate over questions affecting individual Class Members: All Class Members bought or leased Hyundai vehicles with panoramic sunroofs; Plaintiffs claim the sunroofs are prone to shattering and claim that Hyundai concealed that information from them. Defendants, without admitting the existence of any defect (let alone concealment of a defect), have agreed to provide relief to the Class of purchasers and lessees to address the risk of shattering. The Class is thus sufficiently cohesive. To the extent differences of state law exist, the common questions nevertheless predominate. Because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

(c) The claims of Plaintiffs are typical of the claims of the Class they seek to represent for purposes of settlement: Hyundai sold them a vehicle with a sunroof that is allegedly prone to shattering. This common course of conduct gives rise to the same reasonably co-extensive claims for all class members for purposes of settlement.

(d) A class action is superior to other available methods for the fair and efficient adjudication of this controversy: forcing individual vehicle owners to litigate their cases is an inferior method of adjudication given the costs of the litigation, need for expert testimony, and the benefits of concentrating claims in this forum.

(e) Plaintiffs have and will fairly and adequately protect the interests of the Class. Plaintiffs have no interests antagonistic to those of the Class, and have retained counsel experienced and competent to prosecute this matter on behalf of the Class.

Defendants retain all rights to assert that the action may not be certified as a class action, other than for settlement purposes.

4. The Court finds that notice has been disseminated to the Class in compliance with the Court's Order Directing Settlement Notice and that the notice given was the best notice practicable under the circumstances, fully satisfied due process, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.

5. The Court has reviewed each of the 18 objections to the settlement, concludes that none of the objections warrant disapproval of the parties' settlement, and thus overrules the objections. More specifically:

    a. The Court overrules the objections that Hyundai should recall or buy back the Class Vehicles. Although those remedies could arguably provide benefits beyond those negotiated, the extant settlement constitutes a fair compromise of Plaintiffs' and Class members' claims;

    b. The Court overrules the objections that the extended warranty provided by the settlement should be of longer duration. The negotiated extension and expansion of the warranty provides meaningful benefits. The criticism that the warranty could hypothetically be longer does not justify denying settlement approval;

c. The Court overrules the objections that the settlement should include compensation in higher dollar amounts than those that were negotiated. Again, the amounts provided for by the settlement provide fair, reasonable, and adequate relief in exchange for the release of Class members' claims. The fact that some Class members would like to receive more does not trump the benefits provided;

d. The Court overrules the objection that Class members should be eligible to receive $200 if they experience shattering in the future; it was reasonable for the parties to limit this compensation to shattering that occurred before notice of the alleged defect was provided under the settlement;

e. The Court overrules the objection that Class members should be eligible to receive $200 even if they were not inside their Class Vehicle when the sunroof shattered; again, it was reasonable for the parties to limit this award so as to compensate only those who were surprised, scared, or otherwise negatively affected because they were inside the vehicle when the glass broke.

f. The Court overrules the objection that trade-in compensation should be provided to those who traded-in their vehicles before receiving notice of the settlement; it was a reasonable decision by the parties to negotiate a temporal restriction for trade-in compensation so that the settlement could provide up to $1,000 for such claims while requiring only minimal proof from claimants;

g. The Court overrules the objection that the settlement improperly releases personal injury claims; the settlement release does not release personal injury claims (except for claims for shock,

surprise, annoyance, inconvenience, or similar harm from having witnessed sunroof shattering unaccompanied by physical injury);

  h. The Court overrules the objection that Class members should be compensated for time spent on sunroof repairs; the settlement provides fair, reasonable, and adequate benefits in that it provides full reimbursement of past sunroof shattering repair costs, among other benefits; and

  i. The Court overrules the objection that the litigation lacked merit; the claims brought were not frivolous and the compensation being provided for their release is fair, reasonable, and adequate in light of the relative strength of the claims and defenses of the parties.

6. The Court finds that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(2), is in the best interests of the class, and should be and hereby is fully and finally approved. *See* Fed. R. Civ. P. 23(e)(1)(B)(i). The Settlement Agreement: (a) results from efforts by Class Representatives and Class Counsel who adequately represented the class; (b) was negotiated at arm's length with the assistance of former United States Magistrate Judge Jay C. Gandhi; (c) provides relief for the class that is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effective proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of the proposed award of attorney's fees, including timing of payment; and (d) the settlement treats Class Members equitably relative to each other.

7. The Court finds the attorney fees requested by Class Counsel to be fair and reasonable, given Class Counsel's lodestar of $5,797,056.25, the results achieved through this litigation, and the contingent nature of the fee. The Court has reviewed the records submitted by Class Counsel and finds Class Counsel reasonably spent 9,895.20 hours representing the Class's interests through this

litigation, that Class Counsel's hourly rates are reasonable and in line with the prevailing rates in the community for complex class action litigation, and that the $738,226.00 in costs incurred to prosecute the litigation were reasonable. Accordingly, Class Counsel is hereby awarded $5,400,000 in attorney's fees (inclusive of reimbursement of counsel's litigation costs and the class representative service awards). This amount is to be paid by Hyundai pursuant to the terms of the Settlement Agreement. (Settlement Agreement, Sec. V.2.)

8. The Court further finds the requested service awards are fair and reasonable, given the time and effort expended by the Class Representatives on behalf of the Class. The six Class Representatives are hereby awarded $5,000 each, to be paid by Defendant (included as part of the $5,400,000 attorney's fee award, not in addition to that award) pursuant to the terms of the Settlement Agreement. (Settlement Agreement, Sec. V.2.)

9. The Release set forth in the Settlement Agreement, in Section VI, is incorporated herein and, as of the Effective Date and by operation of this Order, is binding and effective on all Class Members who have not properly excluded themselves from the Class. The Settlement Agreement, including the full Release in Section VI that is incorporated herein, can be found on the Court's publicly available docket at ECF No. 264-1.

10. Below is a list setting forth the name of each person who properly excluded themselves from the Class in compliance with the procedures set forth in the Preliminary Approval Order. The persons identified below shall be neither entitled to the benefits from the Settlement nor bound by this Final Order and Judgment:

    a. Natasha Holly;
    b. Robin Pelt;
    c. Nathan and Jennifer Donner;
    d. Joseph Rivera;

|   |     |                               |
|---|-----|-------------------------------|
| 1 | e.  | Diane and Montana Trudeau;    |
| 2 | f.  | Richard Cook;                 |
| 3 | g.  | Gary Fitzgerald;              |
| 4 | h.  | Saeed Sooudi;                 |
| 5 | i.  | Beverly Richard;              |
| 6 | j.  | Brian and Lorena Vander Huel; |
| 7 | k.  | Melissa Torres;               |
| 8 | l.  | Joseph Sain;                  |
| 9 | m.  | Eric Altman;                  |
| 10| n.  | Corine Diby;                  |
| 11| o.  | Martha Clarke;                |
| 12| p.  | Steven Chromey;               |
| 13| q.  | Mark Forth;                   |
| 14| r.  | Keith Powell;                 |
| 15| s.  | Gloria Rowan;                 |
| 16| t.  | Donald Anderson;              |
| 17| u.  | Theresa Blain;                |
| 18| v.  | Tammy Gordon;                 |
| 19| w.  | Michael Kean;                 |
| 20| x.  | Ernest Stokes; and            |
| 21| y.  | Scott Ciesla.                 |

11. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the Parties and the Class

Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

IT IS SO ORDERED.

Dated: August 26, 2019

*David O. Carter*
HON. DAVID O. CARTER
U.S. DISTRICT COURT JUDGE